UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY DARNELL GIBSON,
a/k/a Larry Darnell Cobb,

       Plaintiff,

v.                                          Case No. 19-cv-45-pp

DMITRIY CHESTER, *et al.*,

       Defendants.

**ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW NOTICE OF APPEAL AND MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 72)**

       On September 24, 2020, the court granted the defendants' motions for summary judgment and dismissed the case without prejudice because it found that the plaintiff had failed to exhaust his administrative remedies. Dkt. No. 62. On October 8, 2020, the court received from the plaintiff a motion for an extension of time to file his notice of appeal. Dkt. No. 64. The court granted that request and extended the appeal deadline to November 9, 2020. Dkt. No. 65. On October 26, 2020, the court received the notice of appeal, as well as a motion for leave to proceed on appeal without prepaying the appellate filing fee. Dkt. Nos. 66, 70.

       On January 11, 2021, the court received a letter from the plaintiff. Dkt. No. 72. The plaintiff notes in the letter that the court dismissed the case without prejudice. Id. at 1. He asks if that means "the case or motion might be able to be re-filed at a later date/time." Id. If so, the plaintiff asks if he can

1

"make corrections and exhaust [his] issues—claims with the department of corrections/MSDF and re-file a complaint." Id. The plaintiff indicates that if he can try to exhaust his claims, he would like to withdraw his appeal and "withdraw the request to waive the $500.00 filing fee." Id. at 1–2.

The plaintiff is correct—the court dismissed his case *without* prejudice, which means that if he exhausts his state-court remedies, he then may file his federal case again. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) [for failure to exhaust administrative remedies] should be without prejudice"). The court does not know whether the plaintiff will be able to exhaust his state-court remedies; it is stating only that if the plaintiff is able to exhaust in state court, he will not be barred from filing again in federal court.

The court will grant the plaintiff's request and allow him to withdraw his notice of appeal and motion to proceed without prepaying the appellate filing fee. The court notes, however, that the Seventh Circuit Court of Appeals already has opened an appeal for him, Case No. 20-3088. The plaintiff also must file a motion with the Seventh Circuit asking to voluntarily dismiss that appeal. This court does not have the jurisdiction or authority to dismiss the appeal once the Seventh Circuit has opened it.

The plaintiff also asks to proceed as "Larry Darnell Cobb," which he asserts is his "own name," and not as Larry Gibson, which he says is "the mistaken identity." Dkt. No. 72 at 2. The court has acknowledged both names on the docket. Although this case is closed, the court will order the clerk to

2

reverse the order of the names on the docket, so that the docket identifies him as "Larry Darnell Cobb, also known as Larry Darnell Gibson."

The court **ORDERS** that the plaintiff's notice of appeal and motion for leave to appeal without prepaying the filing fee are **TERMINATED**. Dkt. Nos. 66, 70.

The court **ORDERS** the Clerk of Court to amend the plaintiff's names on the docket to read "Larry Darnell Cobb, also known as Larry Darnell Gibson."

Dated in Milwaukee, Wisconsin this 20th day of January, 2021.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**

3

Case 2:19-cv-00045-PP   Filed 01/20/21   Page 3 of 3   Document 73